Anandahumarasamy v. Lynch

BIA
Connelly, IJ
A206 232 023

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of May, two thousand sixteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

_____

SALVARANJAN ANANDAHUMARASAMY,
AKA SALVARANJAN
ANANDAKUMARASAMY, AKA
SELVARANJAN ANANDAKUMARASAMY,
      *Petitioner,*

      v.                         14-3541
                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Jeffrey R. Meyer,

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Salvaranjan Anandahumarasamy, a native and citizen of Sri Lanka, seeks review of an August 21, 2014, decision of the BIA affirming a January 21, 2014, decision of an Immigration Judge ("IJ") denying Anandahumarasamy's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Salvaranjan Anandahumarasamy,* No. A206 232 023 (B.I.A. Aug. 21, 2014), *aff'g* No. A206 232 023 (Immig. Ct. Batavia Jan. 21, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Anandahumarasamy testified that his captors in Sri Lanka asked him once whether he supported a terrorist group, and he twice mentioned that the group he suspected of kidnapping him kidnapped Tamils. However, he testified repeatedly that the group robbed him, demanded more money, and knew that he had money because he had relatives overseas. The evidence of conditions in Sri Lanka reflected that, after the conclusion of the civil war, paramilitary groups, such as the one Anandahumarasamy suspected of kidnapping him, turned into for-profit criminal gangs. Given Anandahumarasamy's testimony and the record evidence, substantial evidence supports the IJ's finding that neither Anandahumarasamy's ethnicity nor any imputed political opinion was a central reason that he was targeted. *Castro v. Holder*, 597 F.3d 93, 104-05 (2d Cir. 2010).

With respect to CAT relief, the agency reasonably concluded that the Sri Lankan government would not torture

3

Anandahumarasamy or acquiesce in his torture. The record includes evidence that the government supports or refuses to stop paramilitary groups, but other sources reflect that government support for such groups has lessened as the groups have transitioned into criminal gangs after the civil war. Since there is evidence supporting either assertion, a reasonable fact-finder would not be compelled to find that the government would torture Anandahumarasamy or acquiesce in his torture. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to draw are entirely within the province of the trier of fact" (internal alterations and quotation marks omitted)).

Finally, Anandahumarasamy argues that the agency failed to consider whether he was entitled to CAT relief based on his status as a returning asylum seeker. While he advanced this argument before the IJ, he failed to advance it before the BIA, instead arguing that he was entitled to asylum on that ground, and that returning asylum seekers constitute a particular social group under 8 U.S.C. § 1158. Because his brief to the BIA did not discuss his status as a returning asylum seeker in the context of his application for CAT

4

relief, the claim is unexhausted. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk